FILED

SEP 25 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| IGOR LUKASHIN; HEATHER F. LUKASHIN, | No. 13-35429 |
| Plaintiffs - Appellants, | D.C. No. 3:12-cv-05880-RBL |
| v. | |
| ALLIANCEONE RECEIVABLES MANAGEMENT INC; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted September 21, 2015[**]

Before:     REINHARDT, LEAVY, and BERZON, Circuit Judges.

Igor Lukashin and Heather F. Lukashin appeal pro se from the district

court's judgment dismissing their action alleging claims under the Fair Debt

Collection Practices Act ("FDCPA") and state law arising out of state court

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

proceedings relating to an unpaid utility account. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), and may affirm on any ground supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm.

Dismissal of the Lukashins' action was proper because the Lukashins failed to allege facts sufficient to shows that defendants' alleged conduct was actionable. *See* 15 U.S.C. §§ 1692e(2)(A), (10) (prohibiting "[t]he false representation of . . . the character, amount, or legal status of any debt" and "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt" under the FDCPA); Wash. Rev. Code §§ 19.16.250(15), (21) (prohibiting collection of unauthorized fees under the Washington Collection Agency Act ("WCAA")); Wash. Rev. Code § 19.16.440 (declaring violations of Wash. Rev. Code § 19.16.250 to be violations of Washington Consumer Protection Act ("WCPA")); Wash. Rev. Code § 19.16.500(b) (authorizing statutory collection fee); *see also Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are liberally construed, plaintiff must allege facts sufficient to state a plausible claim).

13-35429

Denial of leave to amend was not an abuse of discretion because amendment would have been futile. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2010) (en banc) (setting forth standard of review and explaining that a district court should grant leave to amend unless "the pleading could not possibly be cured by the allegation of other facts" (citation and internal quotation marks omitted)).

We do not consider issues or arguments not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

The Lukashins' request for judicial notice of the state court superior and appellate court dockets, filed on May 1, 2014, is granted, but is otherwise denied as unnecessary. All other pending motions are denied.

All pending requests in the Lukashins' opening brief are denied.

**AFFIRMED.**